**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Melissa Ballesteros<br><br>    Plaintiff<br><br>    v.<br><br>Wyndham Grand Rio Mar Puerto Rico Golf & Beach Resort; A & B Companies; Chubb Insurance Company; Z Insurance Company<br><br>    Defendants | Civil no.<br><br>Plaintiff Demands Trial by Jury |

**COMPLAINT**

TO THE HONORABLE COURT:

**Comes now** the Plaintiff, Melissa Ballesteros, through the undersigned attorneys, and before this Honorable Court respectfully alleges and prays as follows:

## I. THE PARTIES

1. Plaintiff, Melissa Ballesteros, ("Ms. Ballesteros") is of legal age, single and domiciled in the State of California.

2. Defendant, Wyndham Grand Rio Mar Puerto Rico Golf & Beach Resort (hereinafter "Wyndham Rio Mar") is the name of the business entity conducting hotel business in Rio Grande,

1

Puerto Rico, owned, managed and operated by A and B companies.

3. A and B Companies are the fictitious names used to refer to the name of the companies that are the owners, managers and the operators of the Wyndham Rio Mar hotel facilities to include the area where the accident described in this complaint occurred.

4. By information and belief, defendant Chubb Insurance Company, is the name of the insurance company duly registered and authorized to conduct the business of insurance in Puerto Rico, that at the time of the accident described in this complaint had issued and had in full force and effect, one or more insurance policies to cover the legal liability for negligence of the Wyndham Rio Mar defendants, as per the terms and conditions of the insurance policy.

5. Z Insurance company, is the fictitious name used to denominate the currently unknown insurance company that at the time of the accident described in this complaint had issued and had in full force at the time of the accident, as per the terms and conditions of the issued insurance policy, a liability insurance policy to cover the legal liability of one or more of the above-named defendants. Once the identity

of said insurance company is made known, the complaint may be amended so as to include the proper insurance company defendant as an additional defendant to this complaint.

## II. JURISDICTION

6. This Honorable Court has subject matter jurisdiction to entertain the instant case pursuant to *28 U.S.C. section 1332 (a) (1) be*cause this is a case or controversy between citizens of different states and the amount in controversy is in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

7. Pursuant to 28 U.S.C. Section 1392 (a) (2), venue of this action is proper in this district because the events, acts or omissions giving rise to the claims occurred in Puerto Rico.

## III. TOLLING OF THE STATUTE OF LIMITATIONS

8. The accident that gives origin to the present case occurred on August 28, 2023, at the Wyndham Rio Mar hotel facilities, and thus, as per the Civil Code of Puerto Rico of 2020, at the time of filling the complaint the statute of limitations of one (1) year has not elapsed. See Articles 1191 (f) and 1204 (a) of the Civil Code of Puerto Rico.

## IV. THE FACTS AND THE DAMAGES

9. Plaintiff, Ms. Ballesteros was a paying guest at Wyndham Rio Mar from August 24, 2023 until August 29, 2023.

10. On the afternoon of August 28, 2023, plaintiff was walking on the sidewalk next to the pool area located close to the establishment that conducts business as "The 5 O' Clock Somewhere Bar & Grill".

11. Walking on the sidewalk in route to her room, she slipped and fell due to a slippery substance, suffering great pain as a result of said fall, particularly in the area of her left lower leg.

12. She could not walk. An ambulance was called and she was transported to a hospital where she received emergency medical treatment. She was informed that she had suffered fractures in the area of her left ankle and that she needed an operation.

13. When she returned home, she immediately requested and received further medical evaluations and was diagnosed as suffering a displaced trimalleolar fracture in her left lower leg, as well as displaced avulsion fractures of distal medial cuneiform and plantar base of second metatarsal (Lisfranc Injury).

14. As a result of said fractures, she required an operation and the installation of orthopedic hardware, to include eight screws and plate.

15. After her operation, she had a long and painful convalescent period, and eventually had to partake in multiple physical therapy sessions for various months.

16. Plaintiff, as a result of her accident, has permanent injuries and impairments. To this date, Ms. Ballesteros still suffers from pain, mental anguish, discomfort, distress, and embarrassment. She has permanent damages, since she has marked limitation of movement in her left leg and she has orthopedic hardware installed in the area of her leg that was fractured as a result of her fall. She also suffers from pain and discomfort and has a permanent scar.

17. To this date she no longer is able to carry out certain activities and pleasures of life that he was able to enjoy prior to the accident. She is limited in the type of activities that she can know perform.

18. The value of all her damages, to include past, present and future pain, physical damages, permanent damages and impairment, and mental anguish is estimated in a sum in excess of **SIX HUNDRED AND FIFTY THOUSAND DOLLARS ($650,000.00)**

5

19. SPECIAL ECONOMIC DAMAGES: As a result of the accident, she incurred and is incurring in additional damages and economic expenses. Her much-anticipated vacation to Puerto Rico was ruined.

20. Ms. Ballesteros also incurred and will have to incur in unwanted expenses, to include medical, travel and other miscellaneous unwanted expenses related to this accident in a sum estimated in excess of **Fifty THOUSAND DOLLARS ($50,000),** a sum that is also owed to the plaintiff by the defendants, since she would not have incurred in said expenses if the accident had not occurred.

## V. LIABILITY

21. The accident resulting in the serious, severe and permanent damages to Ms. Ballesteros, was caused by the exclusive fault and negligence of the Defendants and their employees.

22. As Inkeeper's, Defendants' and their employees had a duty towards Ms. Ballesteros to properly maintain sidewalks. The defendants and their employees were lax and failed to properly maintain the sidewalks clean and clear from slippery substances. She was never warned that said sidewalk was slippery. No warning signs were posted.

23. The defendants and their employees, in not providing the adequate warnings to Ms. Ballesteros and in not properly maintaining the area of the walkway were the accident happened, were negligent, contributing in this way to the occurrence of the accident and serious damages suffered by Ms. Ballesteros.

24. As Inkeeper's, Defendants and their employees, as part of the housekeeping and safety functions, should have warned Ms. Ballesteros that the walkway was slippery.

25. At all material times, all the defendants, and their employees, as Innkeeper's had a duty to monitor and maintain the outdoor walkway used by hotel patrons to reach their hotel rooms free from slippery substances and safe, yet they failed to act. At the very least, they should have warned Ms. Ballesteros that the walkway could be slippery by placing signs. Yet they negligently failed to act and to warn of the possible danger of the slippery walkway.

26. The accident would not have happened if not for the joint fault and negligence of all the defendants and their employees. As Puerto Rico Innkeepers' and as owners, supervisors, operators and/or administrators, and employees of a hotel, the defendants and their employees are the only entities responsible for their lack of adequate actions to

warn, identify, maintain and correct dangerous conditions, such as a slippery walkway.

27. Pursuant to Puerto Rico law, and in particular, Article 1536 of the Civil Code of Puerto Rico of 2020, all defendants are jointly and severally liable for the damages claimed herein as a result of the accident described in this complaint suffered by Ms. Ballesteros.

28. All insurance company defendants, are directly liable to the plaintiff as per the terms of the insurance policies in effect at the time of the accident for the accident suffered by Ms. Ballesteros due to negligence.

29. Plaintiff demands trial by jury.

**WHEREFORE**, it is respectfully requested that this Honorable Court enter judgment for plaintiff, for the relief demanded, with the imposition of reasonable attorneys' fees and costs.

In San Juan, Puerto Rico, this 21st day of August, 2024.

**RIVERA-ASPINALL, GARRIGA**
**& FERNANDINI LAW FIRM**
Attorneys for Plaintiff
1647 Adams Street
Summit Hills
San Juan PR 00920
Telephone: (787) 792-8644
Facsimile: (787) 792-6475
Email: aspinall@ragflaw.com
**S/Julian Rivera Aspinall**
Julian Rivera-Aspinall
USDC# 208506